J-A02012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WARNER GREENE | : | |
| | : | |
| Appellant | : | No. 545 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 7, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000752-2018

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                 **FILED:  April 22, 2021**

Warner Greene appeals *nunc pro tunc* from the judgment of sentence of sixty to 120 months of incarceration, which was imposed after he pled guilty to one count of persons not to possess firearms.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Since we have uncovered a potentially meritorious issue, we deny counsel's petition to withdraw and remand so that counsel may file a compliant ***Anders*** brief or advocate's brief.

The facts underlying Appellant's concision are as follows.  On April 8, 2018, Officer Justin Erickson of the Hermitage Police Department was in a marked police cruiser patrolling in Mercer County when he stopped a vehicle driven by Appellant for expired registration.  While speaking with Appellant, Officer Erickson observed an unlabeled pill bottle on the console of the van.

Upon further investigation, Officer Erickson learned that the bottle contained methadone tablets and that Appellant's operator's license had been suspended. Officer Erickson requested back-up.

Upon arrival of Officer James Brown, Officer Erickson told Appellant to exit the vehicle. Once Appellant complied, Officer Erickson conducted a warrantless search of the driver and front passenger areas of the vehicle. As a result of the search, Officer Erickson recovered two cell phones, two clear baggies, and a loaded revolver. Appellant was arrested and transported to the Hermitage Police Department. A search of Appellant incident to his arrest uncovered a vial with white residue and a small baggie with white residue. Appellant waived his *Miranda v. Arizona*, 384 U.S. 436 (1966) rights, and told officers that the revolver belonged to him and that he did not have a permit to carry it. Appellant also identified the white substance that was recovered from his person as cocaine. An inventory search of the vehicle uncovered additional contraband.

Based on these events and admissions, Appellant was charged with eleven drug, traffic, and firearm-related offenses. After unsuccessfully litigating a pretrial motion to suppress the evidence obtained from the traffic stop and warrantless search of the vehicle, Appellant opted to plead guilty. In exchange for Appellant's plea to one count of persons not to possess firearms, the Commonwealth *nolle prossed* the remaining charges. The court noted that Appellant's firearm was loaded, the offense gravity score was ten, and that there was no agreement as to what sentence Appellant would receive. On

December 7, 2018, Appellant was sentenced to a sixty to 120 month term of incarceration, with credit for 243 days already served.

Appellant filed a timely post-sentence motion, arguing that his sentence was manifestly excessive, that the court erred in running his sentence consecutive to one imposed at another docket, and that the court relied upon a pre-sentence investigation ("PSI") report that contained a factual error. After holding a hearing and receiving argument from both sides, the trial court denied the post-sentence motion. Importantly, the court noted that it was aware of the typographical error in the PSI when it fashioned Appellant's standard-range sentence. Following reinstatement of Appellant's direct appeal rights *nunc pro tunc*, this appeal followed.

In this Court, counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*,

directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence.  However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted).  Our Supreme Court has also clarified portions of the **Anders** procedure as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above.  As required by **Santiago**, counsel set forth the procedural case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited controlling case law which supports that conclusion.  **See Anders** brief at 5-8.  Additionally, counsel gave Appellant proper notice of his right to

immediately proceed *pro se* or retain another attorney.[1] **See** Application for Leave to Withdraw, 10/22/20. Accordingly, we proceed to an independent examination of the record in order to discern if any non-frivolous issues exist. **See Commonwealth v. Dempster**, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified one issue that arguably supports this appeal: "Whether the [s]entencing [c]ourt erred as a matter of law or abused its discretion when ordering an excessive sentence." **Anders** brief at 5.

Appellant's attack on the alleged excessiveness of his sentence implicates the discretionary aspects of his sentence. Thus, the following principles apply to our consideration of whether review of the merits of his claim is warranted. "An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction." **Commonwealth v. Samuel**, 102, A3d 1001, 1006-07 (Pa.Super. 2014). In determining whether an appellant has invoked our jurisdiction, we consider four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[1] Appellant did not file a response to counsel's petition.

*Id*.

Appellant filed both a timely motion for reconsideration of his sentence and a timely *nunc pro tunc* notice of appeal. In his post-sentence motion, Appellant alleged that his sentence was manifestly excessive. He also raised this issue in his concise statement of errors complained of on appeal. Therefore, Appellant properly preserved this issue and we now proceed to determine whether Appellant has raised a substantial question. *Id*.

Appellant's brief does not contain a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). However, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super. 2015) (declining to find counsel's failure to submit a Rule 2119(f) statement precluded review in the *Anders* context).

"[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa. Super. 2005). A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Id*.

In the *Anders* brief, counsel offers no specific point of arguable merit as to the excessive nature of Appellant's sentence. However, our examination of the record uncovered that in addition to a bald allegation of excessiveness, Appellant preserved the claim that the sentencing court erred when it imposed his sentence consecutively with a separate case in his post-sentence motion.[2]

Generally, a bald excessiveness claim does not raise a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263 (Pa.Super. 2013) (collecting and discussing nuances of excessiveness sentencing challenges). This Court has stated,

> [u]nder 42 Pa.C.S. § 9721, the [trial] court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa.Super. 2010) (citations omitted).

---

[2] Appellant also challenged the court's reliance on a PSI that contained a factual error. However, in its order denying the post-sentence motion, the sentencing court stated that it was aware of the typographical error at the time that it fashioned Appellant's sentence. Hence, we see no meritorious claim regarding that issue.

Here, Appellant was carrying a loaded firearm and illegal drugs, while serving parole for a drug offense. Appellant conceded that "I know this is a serious offense. And my record is ridiculous."[3] N.T. Sentencing Hearing, 12/7/18, at 17. Nevertheless, after reviewing the PSI, the trial court imposed a standard-range sentence, explaining that:

> I have also considered the information in the [PSI] report as well as the evidence and circumstances surrounding this offense. And after considering all of these factors, I find that a lesser sentence would depreciate the seriousness of your crime. I therefore find that a sentence of total confinement is proper.

*Id*. at 18. Therefore, the decision to sentence Appellant consecutively with the case he was serving as a result of violating his parole does not appear to be unduly harsh in light of the criminal conduct at issue. *See* *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014) ("We are mindful that the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case."). Accordingly, we agree with counsel that Appellant has failed to raise a substantial question and that this issue lacks merit.

---

[3] Appellant had a lengthy criminal history that included twenty-three adult arrests, ten convictions, and three parole violations. *See* N.T. Sentencing Hearing, 12/7/18, at 17.

However, during our "full examination of the proceedings" we have uncovered an issue of arguable merit. *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015). Appellant filed an omnibus pretrial motion challenging the warrantless search of his vehicle on the grounds that no exigent circumstances existed for the search. *See* Omnibus Pretrial Motion, 7/16/18, at unnumbered 3. Therefore, the search violated the Pennsylvania Constitution. *Id*. After a hearing, the trial court denied the suppression motion, finding that Officer Erickson had probable cause for the warrantless search of the vehicle due to his discovery of a drug pill bottle in plain view. *See* Findings of Fact and Conclusions of Law, 9/6/18, at 6. However, the trial court made no finding regarding whether exigent circumstances existed to justify the search.

During the pendency of this appeal, our Supreme Court overruled *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014). *See Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020). In *Gary*, a plurality of our Supreme Court held that police may conduct a warrantless search of a stopped vehicle if they have probable cause to do so, regardless of any exigency beyond the vehicle's inherent mobility. *Gary*, *supra* at 104. In overruling *Gary*, our Supreme Court concluded that Article I, Section 8 of the Pennsylvania Constitution "affords greater protection to our citizens than the Fourth Amendment," re-affirming pre-*Gary* decisions that required police to have

both probable cause **and** exigent circumstances before conducting a warrantless search of an automobile. *Alexander*, *supra* at 180-81, 208-09.

Since the decision in *Alexander* announced a new criminal rule, it applies to all criminal cases still pending on direct review in which the issue has been preserved at "all stages of adjudication up to and including direct appeal." *Commonwealth v. Tilley*, 780 A.2d 649, 652 (Pa. 2001). While Appellant did not explicitly challenge the *Gary* decision, he did allege that the Commonwealth needed to show exigent circumstances existed in his omnibus pre-trial motion and its failure to do so violated the Pennsylvania Constitution. *See* Defendant's Omnibus Pre-Trial Motion for Relief, 7/16/18, at unnumbered 3. Therefore, *Alexander*'s holding may apply to Appellant.[4]

Since we have identified a non-frivolous issue that has not been discussed by appellate counsel, we deny counsel's petition to withdraw and direct counsel to file a new brief within thirty days, addressing the change in the law and its potential impact on Appellant's appeal. A comprehensive brief should also discuss the impact of Appellant's guilty plea on the application of *Alexander*'s holding.

Counsel's petition to withdraw is denied. Jurisdiction retained.

_____

[4] We make this statement mindful of the fact that Appellant later pled guilty and it is well-established that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).